UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

THE D & M CAPITAL GROUP, LLC,

                Debtor.
-----------------------------------------------------------------X
THE D & M CAPITAL GROUP, LLC,

                Plaintiff,

     -against-

ESSEX GLOBAL TRADING, LLC,

                Defendant.
-----------------------------------------------------------------X

**Return Date:** August 13, 2019 at 11:00 a.m.
**Response Deadline**: August 6, 2019
Chapter 11

Case No. 19-11711 (SCC)

Adv. Pro. No.: 19-1300 (SCC)

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

Sam P. Israel (SPI0270)
Sam P. Israel, P.C.
180 Maiden Lane, 6th Floor
New York, New York 10038
(646) 787-9880

# **TABLE OF CONTENTS**

**Table of Authorities** ...................................................................................................................... *ii*

I.     PRELIMINARY STATEMENT ..................................................................................1

II.    FACTS ............................................................................................................................2

III.   ARGUMENT..................................................................................................................4

    POINT A.  To the Extent They Concern the Gem Catalogued as JRO 306, the First, Second, and Third Causes of Action Should Be Dismissed Pursuant to Fed R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction ...................4

    POINT B.  To the Extent the First, Second, and Third Causes of Action Concern Gems Designated as JR0280 and JE0104, They Should Be Dismissed Pursuant to Fed R. Civ. P. 12(b)(7) For Failure to Join Indispensable Parties ......................................................................................................6

    POINT C.  The Balance of the Causes of Action Fail to State a Claim and Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) ...........................................................7

        1.    The Fourth and Sixth Causes of Action Are Not Cognizable Claims.................................................................................................8

        2.    The Fifth Cause of Action for Equitable Subordination Must Be Dismissed Because It Is Bereft of Supporting Facts .........................8

IV.   CONCLUSION...............................................................................................................9

## TABLE OF AUTHORITIES

## CASES

*ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.*,
102 F.3d 677 (2d Cir.1996) ...................................................................................................7

*Ctr. For Biological Diversity v. Lueckel*,
417 F.3d 532 (6th Cir. 2005) ..................................................................................................4

*Daytree at Cortland Square, Inc. v. Walsh*,
332 F. Supp. 3d 610, 627 (E.D.N.Y. 2018) ............................................................................8

*De Jesus v. Sears, Roebuck & Co.*,
87 F.3d 65 (2d Cir.), *cert. denied*, 519 U.S. 1007 (1996)......................................................7

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006) ...................................................................................................5

*Harty v. Simon Prop. Group, L.P*,
2010 U.S. Dist. LEXIS 130465 (S.D.N.Y. Dec. 7, 2010) .......................................................5

*Hoti Enters., L.P. v. Rattet* (*In re Hoti Enters., L.P.*),
2018 U.S. App. LEXIS 18255 (2d Cir. N.Y., July 2, 2018).....................................................5

*In re Aéropostale, Inc.*,
555 B.R. 369 (Bankr. SDNY 2016) ........................................................................................9

*In re Lockwood*,
14 B.R. 374 (Bankr. E.D.N.Y. 1981).......................................................................................9

*International Shipping Co., S.A. v. Hydra Offshore, Inc.*,
875 F.2d 388 (2d Cir. 1989) ....................................................................................................4

*Judy v. Pingue*,
2009 U.S. Dist. LEXIS 109990 (S.D. Ohio, Nove 25, 2009)..................................................4

*Leeds v. Meltz*
85 F.3d 51 (2d Cir. 1996) ........................................................................................................7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).................................................................................................................4

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) ..................................................................................................4

*Morrison v. Nat'l Austl. Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008) ..................................................................................................4

*Official Comm. of Unsecured Creditors of the Debtors v. Austin Fin. Serv. (In re KDI Holdings, Inc.)*,
 277 B.R. 493 (Bankr. S.D.N.Y. 1999) ..................................................................................9

*Official Comm. of Unsecured Creditors v. Halifax Fund, L.P. (In re Applied Theory Corp.)*,
345 B.R. 56 (S.D.N.Y. 2006)..................................................................................................9

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
390 U.S. 102 (1968)............................................................................................................6, 7

Rajamin v. Deutsche Bank Nat'l Tr. Co.,
757 F.3d 79 (2d Cir. 2014) ....................................................................................................5

*Shields v. Barrow*,
58 U.S. (17 How.) 130 (1854) ...............................................................................................6

Warth v. Seldin,
422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).........................................................5

*Weinstein v. Albright*,
261 F.3d 127 (2d Cir. 2001) ..................................................................................................7

*Whitmore v. Arkansas*,
495 U.S. 149 (1990)...........................................................................................................4, 5

## STATUTES & RULES

11 U.S.C. §547 .........................................................................................................................5

Fed. R. Civ. P. 12(b)(1) .......................................................................................................1, 4

Fed R. Civ. P. 12(b)(6) ............................................................................................................7

Fed R. Civ. P. 12(b)(7) .......................................................................................................1, 6

Fed. R. Civ. P. 19(a) ...................................................................................................................7

Fed R. Civ. P. 19(b) ............................................................................................................1, 6, 7

Fed. R. Bankr. P. 7019 ...............................................................................................................6

UCC §2-326 ...............................................................................................................................5

Defendant Essex Global Trading, LLC ("**Essex**" or "**Defendant**"), submits this memorandum of law by and through its attorneys, Sam P. Israel, P.C., in support of Defendant's motion to dismiss (the "**Motion**") the complaint (the "**Complaint**") brought against it by The D & M Capital Group, LLC, ("**D & M**" or "**Plaintiff**") pursuant to Rules12(b)(1), 12(b)(6), 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure ("**Fed. R. Civ. P**").

## I.    PRELIMINARY STATEMENT

The Complaint must be dismissed due to its numerous deficiencies, not the least of which is its clear failure to name indispensable parties—*i.e.* the very owners of the properties which the Plaintiff seeks to recover. Specifically, the Plaintiff demands the return of certain gemstones that, according to its own sworn admissions filed in this bankruptcy case, either belong to non-parties or are partially owned by non-parties. Where the Plaintiff has no ownership interest in a given gem, it obviously has no standing to demand its return. And since standing is a threshold matter of subject matter jurisdiction, the claims seeking turnover and preferences as to such gems fail *ab initio* under FRCP 12(b)(1).

In other instances where the Plaintiff purports to own only a partial "interest" in a certain gem, the Complaint fails in not having been brought by all of the owners. Under Federal Rule of Civil Procedure 12(b)(7), dismissal is prescribed for failure to join a necessary party under Rule 19. The absence of the true and complete set of owners of the gems at issue from this action prevents an award of complete relief, may impair the non-parties' future ability to protect their interest. Moreover, it exposes the Defendant to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

The Complaint's fourth claim "for injunctive relief" and sixth claim "for violation of 11 U.S.C. 362(a)" must also be dismissed under Rule 12(b)(6) since neither are recognized as distinct, cognizable claims under state or federal law.

Finally, the fifth claim "For Equitable Subordination" fails to pass even minimal pleading standards by neglecting to cite *any* facts as a predicate for the claim.

## II.    FACTS

### The Allegations In the Complaint

In principal, as alleged in its Complaint, the Plaintiff seeks:

> (1) to recover $7,500,000.00 for unpaid invoices from Defendant or turnover of stones represented by said invoices;
>
> (2) turnover of goods consigned on memo having a value in the amount not less than $5,530,000, for a total of $13,030,000.00; and
>
> (3) avoidance of a conveyance of an unperfected security interest in certain goods belonging to the Debtor as a preference pursuant to 11 U.S.C. §547."

Complaint at ¶ 9. The "stones" (alternatively referred to as "goods" in the complaint and herein referred to as the "Gems") are identified and listed in exhibits 1-3 to the Complaint.

While the Defendant disputes many of the facts alleged in the Complaint, even taking them as true for the purposes of this Motion, the requested relief is at odds with the Plaintiff's allegations in paragraph 12 and expanded upon by the Plaintiff in a separate motion filed in the bankruptcy case, namely that each of the Gems is owned in whole or in part by parties other than the Plaintiff. D & M refers to these owners as "participants" in the Gems, but the plain meaning is that they are owners or co-owners of the Gems. According to the Plaintiff, the Gems were bought jointly with these other non-parties. *See id*.

### The Participation Motion

On June 21, 2019 the debtor filed a motion styled as "Debtor's Motion For Order Pursuant To 11 U.S.C. §§ 105(A), 363 And 541 (1) Recognizing Third-Party Participation Interests In Certain Of The Debtor's Pre-Petition Inventory, (2) Recognizing Perfected Security Interest For Goods Delivered To Debtor On Memo Post-Petition And (3) Authorizing Debtor To Implement Related Practices" (the "Participation Motion"). *See* DKT: 19-11711; Doc 12 Filed 06/21/19 Entered 06/21/19. Putting aside the fact that it seeks relief not authorized by the Bankruptcy Code, the Participation Motion purports to advise the Court that it only partially owns much of its inventory and in some cases

2

doesn't own certain of the Gems it has cataloged whatsoever. *See* Participation Motion at ¶16. A spreadsheet attached to the Participation Motion gives a breakdown of the Debtor's percentages of interest in the Gems (the "Participation Schedule").

**The Gems in Suit**

It is difficult to discern the whole universe of gems the Plaintiff is demanding. But by the Plaintiff-Debtor's own sworn submission in the context of the Participation Motion, all of the Gems in suit are no more than partly owned by the Plaintiff and in at least one instance, the Plaintiff holds no ownership interest whatever. The Plaintiff attaches as Exhibit 2 to its Complaint a memorandum referencing a ring bearing a ruby and cataloged as JRO 306. According to the Participation Schedule for the ring (entry number 58), the Plaintiff has a zero percent interest in the Gem. Lest there be any doubt, the Plaintiff demands through its Complaint that this ring—in which it has no ownership interest—be turned over to the estate pursuant to UCC §2-326. The Plaintiff also contends that it gave the ring to the Defendant during the 90-day preference period, thus making it subject to recovery under 11 U.S.C. §547. But whether it did or did not convey the Gem during the preference period is irrelevant; the Plaintiff has no standing to seek its return because it does not own the Gem.

An ostensible memorandum appended as Exhibit 3 to the Complaint concerns a diamond ring catalogued as JR0280. According to the Participation Schedule (entry number 53), the Plaintiff has a 50% interest in the ring while the other 50% is owned by a non-party.

Exhibit 1 to the Complaint lists emerald and diamond earrings catalogued as JE0104. According to the Participation Schedule (entry number 33), the Plaintiff has a 50% interest in these earrings, while the other 50% is, again, owned by a non-party.

Finally, Exhibit 1 to the Complaint lists a Gem catalogued as JE105. And though Plaintiff brings this action seeking, inter alia, direct recovery of property for its own benefit, the Participation Schedule identifies this Gem (entry number 43) as having three separate owners.

3

## III.   ARGUMENT

## THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

**POINT A.**   **To the Extent They Concern the Gem Catalogued as JRO 306, the First, Second, and Third Causes of Action Should Be Dismissed Pursuant to Fed R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction**

As has been observed by the Second Circuit Court of Appeals: "Subject matter jurisdiction is the *sine qua non* of the exercise of power by a federal court." *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 389 (2d Cir. 1989). "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). The Court will lack such power where a plaintiff does not have the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). The party seeking federal court jurisdiction has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). This burden on the pleading party is not insignificant and "generalized allegations of standing will not suffice." *Ctr. For Biological Diversity v. Lueckel*, 417 F.3d 532, 537 (6th Cir. 2005); *see also Judy v. Pingue*, 2009 U.S. Dist. LEXIS 109990, *3 (S.D. Ohio, Nov. 25, 2009) (Judy must "'set forth specific facts,' in affidavits or through other evidence, demonstrating that each element of standing is satisfied.").

In order to meet the constitutional requirement of standing, a federal plaintiff seeking relief bears the burden of establishing three elements:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

4

*Harty v. Simon Prop. Group, L.P*, 2010 U.S. Dist. LEXIS 130465, 3-6 (S.D.N.Y. Dec. 7, 2010) (emphasis added); *see also Whitmore*, 495 U.S. at 155; *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). Thus, standing includes "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

The "prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Warth, 422 U.S. at 509. "[T]he plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499; *see also Hoti Enters., L.P. v. Rattet* (*In re Hoti Enters., L.P.*), 2018 U.S. App. LEXIS 18255 (2d Cir. N.Y., July 2, 2018) (A district court's order affirming a bankruptcy court's decision in an adversary action to grant defendants' Fed. R. Civ. P. 12(b)(6) motion was affirmed since plaintiff former property owner lacked prudential standing; the owner asserted claims that belonged to the purported assignee of the mortgage loan.).

Here, the Plaintiff has not and cannot plead an extant injury in fact with respect to the Gem designated as JRO 306 on Exhibit 2 to its Complaint. According to the Participation Schedule for the ring (entry number 58), the Plaintiff has a zero percent interest in the JRO 306. Lest there be any doubt, the Plaintiff is now demanding that this gem—in which it has no ownership interest—be turned over to the estate pursuant to UCC §2-326. The Plaintiff also contends that it gave the ring to the Defendant during the 90-day preference period—an assertion which the Defendant denies—but whether it did or did not convey the gem during this time frame, the Plaintiff has no standing to seek its return or recovery under 11 U.S.C. §547 because it does not own the Gem.

5

**POINT B.** **To the Extent the First, Second, and Third Causes of Action Concern Gems Designated as JR0280 and JE0104, They Should Be Dismissed Pursuant to Fed R. Civ. P. 12(b)(7) For Failure To Join Indispensable Parties.**

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal for "failure to join a party under Rule 19." Rule 19 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7019, concerns the required joinder of parties and requires, generally, that all parties with an interest in an action are joined in the litigation. Federal Rule of Civil Procedure 19, Required Joinder of Parties, provides as follows:

> (a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>
>> (A) *in that person's absence, the court cannot accord complete relief among existing parties;* or
>>
>> (B) *that person claims an interest relating to the subject of the action* and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) *as a practical matter impair or impede the person's ability to protect the interest;* or
>>>
>>> (ii) *leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.*

*Id.* (emphasis added.)

Motions made under Fed. R. Civ. P. 12(b)(7) and 19 entail a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, a court must determine whether an absent party belongs in the suit—*i.e.*, whether the party qualifies as a "necessary" party under Rule 19(a). *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968) ("'Persons having an interest in the controversy, and who ought to be made parties…are commonly termed necessary parties.'") (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1854)). The

6

court must then decide whether the non-named party is indispensable, such that without the person or entity, the court must dismiss the action pursuant to Rule 19(b). *See ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.*, 102 F.3d 677, 681-82 (2d Cir.1996) (*citing Patters*on, 390 U.S. at 108-25, 88 S. Ct. 733).

An ostensible memorandum appended as Exhibit 3 to the Complaint concerns a diamond ring catalogued as JR0280. Participation Schedule number 53 lists this ring as being owned 50% by the Plaintiff and 50% by a non-party. Exhibit 1 to the Complaint lists emerald and diamond earrings bearing the serial no JE0104. Participation schedule number 33 indicates that 50% of the Gem is owned by another non-party. Also listed on Exhibit 1 to the Complaint is a Gem catalogued as JE105. Participation Schedule number 43 identifies the Gem as having three separate owners.

Here, to allow the Plaintiff to proceed with its action with respect to each of the other Gems in suit, would hazard a grant of incomplete relief and likely prejudice non-parties who stand to be deprived of whatever ownership interest they hold and/or give rise to Defendant incurring double, multiple, or otherwise inconsistent obligations and inconsistent judgments (in the event they proceed with claims of their own).  See Fed R. Civ. P. 19(a)(1)(B).

> **POINT C.    The Balance of the Causes of Action Fail to State a Claim and Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the claimant, drawing all reasonable inferences in its favor. *Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Nevertheless, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b) (6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.), *cert. denied*, 519 U.S. 1007 (1996).

As is argued below, the remaining allegations set forth in the Complaint do not pass muster even under the most liberal interpretation of Rule 12(b)(6).

1. **The Fourth and Sixth Causes of Action Are Not Cognizable Claims**.

The Sixth Cause of Action is denominated as "For Preliminary Injunctive Relief" but in fact, there is no such independent cause of action; injunctive relief is an equitable remedy appurtenant to a substantive claim for violating a plaintiff's rights or entitlements. *Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 627 (E.D.N.Y. 2018) ("As a threshold matter, it is well settled that a request for declaratory and/or injunctive relief is not an independent cause of action."). Standing alone, the demand it is meaningless.

Likewise, in the Fourth Cause Of Action "For Violation Of §362(A)(3) of The Bankruptcy Code," the Plaintiff invokes the automatic stay and implies that it has been violated by the Defendant, but the remedy available to D&M would be to bring a motion for contempt of the automatic stay, not file a complaint claim for relief.

Both the Fourth and Sixth Causes of Action should be dismissed for their failure to state claims.

2. **The Fifth Causes of Action for Equitable Subordination Must Be Dismissed Because It Is Bereft of Supporting Facts.**

The text of the Fifth Cause of Action is as follows:

> (FOR EQUITABLE SUBORDINATION UNDER 11 U.S.C. §510(c))
> 44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 41 with equal force and effect as if set forth at length herein.
> 45. Defendant's activities as described hereinabove with respect to the Estate were gross, egregious, and constituted spoliation of the Debtor's assets.
> 46. Defendant's activities as described hereinabove were calculated to give Essex an improper and inappropriate advantage with respect to all other creditors of the Debtor and to the detriment of the Estate.
> 47. Plaintiff demands judgment granting equitable subordination of all of Defendant's claims against Plaintiff under the Lease pursuant to §510(c)(1) of the Bankruptcy Code.

8

The claim turns on the "Defendant's activities as described hereinabove." The problem is that "hereinabove" alleges no facts whatsoever to give rise to a colorable action for equitable subordination.

In general, the purpose of equitable subordination is to undo wrongdoing by an individual creditor in the interest of the other creditors. *See In re Lockwood*, 14 B.R. 374, 380-81 (Bankr. E.D.N.Y. 1981) ("The fundamental aim of equitable subordination is to undo or offset any inequality in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of bankruptcy results."). In view of this purpose, courts typically look to trustees as the proper party to raise claims of equitable subordination. *See e.g. Official Comm. of Unsecured Creditors of the Debtors v. Austin Fin. Serv. (In re KDI Holdings, Inc.)*, 277 B.R. 493, 507 (Bankr. S.D.N.Y. 1999); *Official Comm. of Unsecured Creditors v. Halifax Fund, L.P. (In re Applied Theory Corp.)*, 345 B.R. 56 (S.D.N.Y. 2006)

When a non-debtor insider or non-fiduciary is involved, bankruptcy courts have required that a claimant's conduct be egregious and severely unfair to other creditors for its claim to be equitably subordinated. "The conduct required has been described as substantial misconduct tantamount to fraud, misrepresentation, overreaching, or spoliation. Few cases find that non-insider, non-fiduciary claimants meet this standard." *In re Aéropostale, Inc.*, 555 B.R. 369, 409 (Bankr. SDNY 2016). No conduct is pled in furtherance of the Plaintiff's Fifth Cause of Action which even remotely approaches this standard and the claim must, therefore, be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, the Defendant respectfully submits that the Motion should be granted, and the Plaintiff's Complaint be dismissed in its entirety

Dated: New York, NY                    Respectfully submitted:

    July 16, 2019                                 Sam P. Israel, P.C.

By: _____

Sam P. Israel, Esq.
**180 Maiden Lane, 6th Floor**
**New York, N.Y. 10038**
**Tel: 646-787-9880; Fax: 646-787-9886**
**Email: admin@spi-pc.com**

10